UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

-vs-

Case No. 07-13154
Judge Avern Cohn

FREDERICK G. WILLIS,

    Defendant.

_____/

# MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

## I. Introduction

On October 2, 2007, the Court entered a Memorandum and Order Denying Defendant's Motion for Summary Judgment. Defendant Frederick G. Willis ("Willis") argued in his motion that the breach of contract claim Plaintiff Ford Motor Company ("Ford") should be dismissed because it was filed after the expiration of the limitations period. Before the Court is Willis's motion for reconsideration. For the following reasons, the motion will be denied.

## II. Legal Standard

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

1

> A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order...Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

### III. Analysis

Willis's motion for reconsideration essentially consists of variations on the argument from the motion for summary judgment. Though Willis failed to file his motion for reconsideration within ten days of the entry of the original order as required by Local Rule 7.1(g),[1] the Court will briefly address the merits of these contentions. First, Willis argues that with respect claims relating to foreign tax credits, tax law dictates that the statute of limitations begins to run "in the taxable year *from which* the excess foreign taxes are carried (or the date by which that year's tax return must be filed), *not* the taxable year *to which* the excess foreign taxes are carried." See Chrysler Corp. v. Comm'r of Internal Revenue, 436 F.3d 644, 656 (6th Cir. 2006). Under Willis's theory, the cause of action accrued in 1998, when Ford made its last payment of foreign taxes on Willis's behalf, and not in 2001, when Willis exercised a foreign tax credit based on the earlier payments.

The simple response to Willis's argument is that this is a contract case between two parties to a contract, not a tax case between a taxpayer and the IRS. Though the

---

[1] The Court's order denying Willis's motion for summary judgment was entered on October 2, 2007; Willis's motion for reconsideration was entered on October 16, 2007.

subject matter of the contract involves taxation, the rules governing when Ford's cause of action accrued are properly drawn from contract law, not tax law. Willis's citation of <u>Chrysler</u> and other tax cases is therefore inapposite.

As the Court noted in its previous order, "a cause of action for breach of contract accrues when a contracting party fails to do what he is obligated to do under the contract." <u>Jacobs v. Detroit Automobile Inter-Ins. Co</u>., 107 Mich. App. 424, 431 (1981). The essence of Willis' contract with Ford was that Willis would be treated as if his overseas work had been performed in the United States. That is, Willis would not be required to pay any foreign taxes in excess of his hypothetical United States income tax, nor would he be allowed to profit if his foreign tax bill was less than his hypothetical United States income tax or if he subsequently claimed foreign tax credits based on taxes actually paid by Ford. The contract expressly noted that Ford would "track[] foreign tax credits you may use after you have completed your international assignment for a period of up to five years." Willis last claimed such a foreign tax credit on his 2001 income tax return, which he filed in 2002. Ford issued its final "Tax Equalization Statement" to Willis, summarizing his repayment obligations under the contract, on November 5, 2002. Willis thereafter refused to make the payments that Ford demanded. Ford's cause of action for breach of contract accrued when Willis failed to do what the contract arguably required.

Willis attempts to buttress his argument on this point with a "hypothetical from the bankruptcy context," asking the Court to "assume that shortly after [PricewaterhouseCoopers] filed Willis' 1998 tax return in April 1999, Willis filed for bankruptcy," and discussing whether Ford's claims would have been discharged

pursuant to bankruptcy proceedings.  In the event, Willis never filed for bankruptcy.  The effects of bankruptcy law on a debtor's contractual obligations are complex and serve only to obscure the issue of when Ford's breach of contract claim accrued.  Willis's citations to bankruptcy law are also inapposite.

Finally, Willis argues that the affidavit of Lisa Jones, a PricewaterhouseCoopers employee who worked on Willis's tax account, shows that Willis's use of a foreign tax credit on his 2001 return is immaterial top this case.  This is hard to fathom in light of the fact that the affidavit refers directly to the 2001 foreign tax credit and that Ford attached Willis's 2001 return as a separate exhibit in opposition to Willis's motion.  While Jones does not explicitly state in her affidavit that the proceeds of the 2001 foreign tax credit belong to Ford, this lapse does not support an inference that the 2001 credit is not part of Ford's claim, particularly since in the context of this motion the evidence must be read in the light most favorable to Ford.

For the reasons stated above, Willis's motion for reconsideration is DENIED.

SO ORDERED.

Dated:  December 6, 2007         s/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 6, 2007, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5160